## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MAPLE BELL**                                                                                              **PLAINTIFF**

**v.**                          **CASE NO. 2:25-CV-00028-BSM**

**RETZER RESOURCES, INC.**
**d/b/a McDONALD'S**                                                                      **DEFENDANT**

### ORDER

Retzer Resources, Inc.'s motion for summary judgment [Doc. No. 10] is granted and

Maple Bell's claims are dismissed with prejudice.

### I. BACKGROUND

Retzer Resources is a franchisee of McDonald's Corporation and operates a

McDonald's in Dumas, Arkansas. Pl.'s Statement of Facts (SUMF) ¶ 1, Doc. No. 16. When

Maple Bell visited McDonald's, she slipped and fell on a wet spot on the floor that she

believes was water. *Id*. ¶ 2–4.   Although it had rained, Bell does not know how long the

substance was on the floor before she slipped. *Id.* ¶¶ 7–8.  When Bell fell, there were two

wet floor signs in the restaurant but not in the exact spot where she fell.  *Id.* ¶¶ 12–13; *see*

*also* Pl.'s Br. Supp. Resp. Def.'s Mot. Summ. J. (Pl.'s Br.), Ex. 1, Screenshots of

Surveillance Footage: 08-23-2022, 09:25:34-09:25:35.  Bell is suing McDonald's for

negligence and McDonald's is moving for summary judgment. *See* Compl., Doc. No. 2.

### II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material

fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P.

56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in her pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

McDonald's motion for summary judgment is granted. To prove her negligence claim, Bell must show that McDonald's breached a duty it owed to her and that its breach was the proximate cause of injuries suffered by her. *Duran v. Sw. Arkansas Elec. Coop. Corp.*, 537 S.W.3d 722, 726 (Ark. 2018).

McDonald's owed Bell a duty of ordinary care to keep its premises in reasonably safe conditions. *Ollar v. Spakes*, 601 S.W.2d 868, 871 (Ark. 1980). McDonald's duty to Bell would cease if Bell was aware of the substance on the floor that caused her to slip and injure herself or if the substance was obvious. *Jenkins v. Int'l Paper Co.*, 887 S.W.2d 300, 304 (Ark. 1994). The substance would be obvious if it and the risk it posed were "apparent to and would be recognized by a reasonable [person] in the position of [Bell], exercising ordinary perception, intelligence, and judgment." *Van DeVeer v. RTJ, Inc.*, 101 S.W.3d 881, 885 (Ark. Ct. App. 2003).

Summary judgment is granted because an objectively reasonable and observant customer would have noticed the condition that caused Bell to fall. It is undisputed that McDonald's placed wet floor signs in the restaurant to warn customers of the danger posed. *See* Pl.'s Br., Ex. 3 Dep. Maple Bell 53:9–24. Bell testified that she did not see the signs and argues that the danger was not open and obvious. *Id*.; Pl.'s Br. at 8. The problem for Bell is that she slipped as she approached the counter to order after walking past two wet floor signs which an objectively reasonable customer would have noticed. Pl.s' Br. Exs. 1–2, 4–5, Screenshots of Surveillance Footage; Dep. Maple Bell Ex. 1–4. McDonald's, therefore, owed no duty to Bell. *See Ewing v. Kohl's Dep't Stores, Inc*., No. 6:16-CV-06048, 2017 WL 741013 at *3 (W.D. Ark. Feb. 24, 2017) (citing *Lydic v. Lowe's Companies, Inc*., 2006 WL 3059795, ¶ 10 (Ohio Ct. App. 2005) (the dangerous condition does not actually have to be observed to be open and obvious).

## IV. CONCLUSION

For these reasons, McDonald's motion for summary judgment is granted.

IT IS SO ORDERED this 23rd day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE